### PEOPLE *v.* DE CAMP.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

JURY—IMPANELING—WAIVER OF OBJECTIONS.

Where some of the jurors in a criminal case are drawn and sworn in the absence of one of the sessions justices, and objection thereto is first made at the close of the trial by motion to dismiss, the irregularity will be deemed to have been waived.

Appeal from court of sessions, Rockland county.

An indictment against John De Camp for assault. At the close of the trial defendant moved to dismiss on the ground that there was no constitutional court at the time the last four jurors were sworn, one of the justices being then absent. The motion was denied, and from this denial and the judgment of conviction defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Garrett Z. Snider*, Dist. Atty., for respondent.

BARNARD, P. J. The defendant was put upon trial for an assault, at the Rockland court of sessions. When the trial commenced there was a full bench, consisting of the county judge and the two sessions justices. Eight jurors were impaneled in the regular way, when the court took a recess. One of the sessions justices was late in his arrival, and the other four jurors were drawn and sworn in his absence. The accused and his counsel were both present during the impaneling of the whole twelve jurors, and no objection was made to the continuance of the drawing of the last four jurors from the regular box nor to the administering of the oath to the jury. Before the trial actually commenced the court was full, and then no objection was made to the irregularity in drawing the jury in the absence of the sessions judge. The accused had a constitutional jury in number, and drawn according to law

and in his presence, and, under the rules of law applicable to the case, with his assent. A waiver of right is implied by sitting by in silence. Judgment affirmed.